FILED
United States Court of Appeals
Tenth Circuit

September 28, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMAS ALLEN TWOBABIES,

Petitioner - Appellant,

v.

ROBERT PATTON, Director,

Respondent - Appellee.

No. 16-6033
(D.C. No. 5:14-CV-00241-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Thomas Allen Twobabies, an Oklahoma state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). He also seeks leave to proceed *in forma pauperis* ("*ifp*"). We deny a COA, grant the motion to proceed *ifp*, and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  BACKGROUND

A jury convicted Mr. Twobabies of first degree murder and sentenced him to life without the possibility of parole.  The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence on direct appeal.  *See Twobabies v. State*, No. F-2012-264 (Okla. Crim. App. May 20, 2013).  Mr. Twobabies then filed an application for relief under 28 U.S.C. § 2254, which the district court denied.  This request for a COA followed.

# II.  **DISCUSSION**

## A.  *Legal Standards and Issues*

To obtain a COA, Mr. Twobabies must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs federal habeas review of state court decisions.  *See* 28 U.S.C. § 2254.  When, as here, the § 2254 applicant presented his federal law issues in the state court proceedings and the merits of those issues were adjudicated there, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). If the § 2254 applicant has not overcome the presumption, we apply deferential AEDPA review to the claim. *Id.*

Mr. Twobabies argues he is entitled to a COA because the trial court committed federal constitutional violations when it (1) excluded evidence; (2) limited his ability to cross-examination a witness; (3) admitted hearsay statements; and (4) allowed photographs and testimony that were unduly prejudicial. He also argues (5) prosecutorial misconduct deprived him of his right to a fair trial; (6) he received ineffective assistance from his trial counsel; and (7) cumulative error deprived him of the right to due process. Mr. Twobabies raised the same seven arguments on direct appeal before the OCCA. Because the OCCA denied relief, we presume it decided Mr. Twobabies' federal claims on the merits, even where it did not do so expressly. *See id.* at 99-100. Because Mr. Twobabies has not overcome this presumption, the district court's review of his claims is subject to AEDPA deference. *See id.*

Liberally construing Mr. Twobabies' pro se arguments, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), we consider each of his claims and conclude that reasonable jurists could not debate the district court's denial of his habeas application.

- 3 -

## B. *Analysis*

### 1. **Exclusion of Evidence**

Before trial, Mr. Twobabies unsuccessfully sought to suppress statements he made to police when he was taken into custody. At trial, the prosecution declined to elicit those statements from the police detective who had interviewed Mr. Twobabies after his arrest. At a bench conference, defense counsel stated that he was "stunned" by the prosecution's apparent change in course, and that without the statements, Mr. Twobabies' defense of voluntary intoxication could not be raised effectively. R., Vol. 2, Trial Tr. Vol. 4 at 217. After an overnight recess, the prosecution moved to prohibit defense counsel from eliciting the statements from the detective on cross-examination because they were inadmissible hearsay. The trial court granted the motion. Mr. Twobabies then moved to dismiss the case due to prosecutorial misconduct. The court denied that motion.

Mr. Twobabies argues that because the prosecution led him to believe it would introduce the statements and knew he was relying on them as a basis for his defense, the trial court's ruling, affirmed by the OCCA, deprived him of the right to present a complete defense under the Sixth and Fourteenth Amendments. The OCCA rejected this argument.

Mr. Twobabies does not dispute that the statements were inadmissible hearsay under Oklahoma rules of evidence. "An out-of-court self-serving exculpatory statement, . . . is hearsay, and to be admissible must either fall within a firmly rooted hearsay exception or the declarant must take the stand and be available for

cross-examination." *Phillips v. State*, 756 P.2d 604, 607 (Okla. Crim. App. 1988). Nor does he deny that he could have admitted the statements through his own testimony had he opted to testify.

Moreover, he cites no clearly established authority for the proposition that once the statements were deemed admissible, the prosecution had a duty to present them at trial, or that the OCCA's rejection of his Sixth and Fourteenth Amendment claim is contrary to federal law. *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("A state-court decision is contrary to our clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." (internal quotation marks omitted)). "Our inquiry ends if no clearly established law exists." *Holland v. Allbaugh*, 824 F.3d 1222, 1227 (10th Cir. 2016).

We conclude Mr. Twobabies has not met his burden under AEDPA and has not made a substantial showing that he was deprived of his right to present a complete defense simply because the prosecution did not elicit statements at trial that the trial court had deemed admissible. Reasonable jurists could not debate the district court's application of AEDPA to Mr. Twobabies' constitutional claim, and we therefore deny a COA.

2. **Exclusion of Testimony**

Mr. Twobabies' former girlfriend testified as a prosecution witness. On cross-examination, she testified that when the police came to talk to her about the

- 5 -

murder, she was scared and did not want to talk to them, that she did not want to testify, and that the victim's family had threatened her. Defense counsel asked: "Can you tell me about [the victim's] family, the threats they have made to you?" R., Vol. 2, Trial Tr. Vol. 3 at 293. The prosecution objected before she could answer, and the court sustained the objection.

On direct appeal, the OCCA found no error because the substance of the excluded testimony was not in the record, and therefore the OCCA could not determine if the testimony was relevant or if its exclusion caused Mr. Twobabies any harm. The OCCA rejected Mr. Twobabies' claim that his constitutional rights had been violated.

Mr. Twobabies argues he was denied his right under the Sixth and Fourteenth Amendments to confront and cross-examine the witnesses against him because he was prevented from asking this witness about the nature of the threats she received from the victim's family. He has not, however, made any showing as to the substance of any threats that she might have received. "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (internal quotation marks omitted). Had Mr. Twobabies wished to pursue this line of questioning further, he needed to make an offer of proof as to what relevant testimony might be elicited. He did not do so.

- 6 -

Even here, he offers only speculation as to what types of threats the victim's family might have made against his former girlfriend. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.*

In the absence of any offer of proof as to what threats were actually made, Mr. Twobabies is unable to show a violation of clearly established federal law, and reasonable jurists could not debate the district court's denial of his claim. We therefore deny a COA on this claim.

3. **Hearsay**

The victim's wife, an eyewitness to the murder, also testified as a prosecution witness, stating on cross-examination that she initially told the police that someone she knew as "Tim" and another individual had stabbed her husband. A police detective later testified that when he interviewed her, the victim's wife stated she saw "Tim" repeatedly stab her husband with a knife. The detective testified further that at a subsequent interview, she identified Mr. Twobabies as the person she knew as "Tim." Defense counsel did not object to the detective's statements. Reviewing for plain error, the OCCA concluded that the admission of the statements, even if they were hearsay, did not affect the outcome of the trial or violate Mr. Twobabies' substantial rights, including his federal constitutional rights.

Mr. Twobabies maintains that the introduction of the statements made by the victim's wife through the detective's testimony violated his rights under the Sixth and Fourteenth Amendments but does not identify any clearly established law that was violated by the admission of these statements. Because the district court's application of AEDPA to deny this claim is beyond judicial debate, we deny a COA.

4.  **Testimony About the Victim's Injuries**

Mr. Twobabies argues that his due process rights were violated by "the introduction of irrelevant and cumulative but highly prejudicial photographs and testimony concerning the victim's injuries." R., Vol. 1 at 22. On direct appeal, the OCCA concluded that the evidence was relevant to show that the victim died from his stab wounds and that Mr. Twobabies acted with the requisite intent to kill. It concluded that the probative value of the evidence was not outweighed by unfair prejudice to Mr. Twobabies and admitting the evidence did not violate due process.

"Even if [the defendant] did not dispute the manner of death, the state still bore the burden to convince the jury that its witnesses, both eyewitnesses and experts, provided an accurate account of events." *Thornburg v. Mullin*, 422 F.3d 1113, 1129 (10th Cir. 2005). The photographs and testimony about the victim's injuries corroborated the accounts of the other prosecution witnesses. *See id.* Mr. Twobabies has not shown that admission of this evidence rendered the trial fundamentally unfair or that the OCCA unreasonably applied clearly established federal law. We therefore deny a COA.

5.  **Prosecutorial Misconduct**

Mr. Twobabies argues the prosecution's comments during voir dire and closing argument were improper and violated his rights under the Eighth and Fourteenth Amendments.

a.  *Comments During Voir Dire*

Mr. Twobabies argues that the prosecution's comments and questions during voir dire about the reasonable doubt standard created confusion for the jury and were designed to lower the prosecution's burden of proof.  After one prospective juror stated that his "greatest fear has always been sending an innocent person to jail," the prosecution later asked, "[I]f we prove . . . beyond a reasonable doubt, which is what the law requires, if we prove that, you would still be able to find the defendant guilty, even though you have this concern about putting an innocent man in jail?"  R., Vol. 2, Trial Tr. Vol. 1 at 212-13.  The juror responded:  "Absolutely."  *Id.* at 213.  The prosecution followed up by reiterating its concern that a juror might be "so fearful of putting somebody who is innocent in prison that [he or she] won't really consider what the law is."  *Id.* at 214.  The juror affirmed that despite his concern, he would still be able to find someone guilty if the prosecution met its burden of proof.

The OCCA found no error warranting relief, citing *Phillips v. State*, 989 P.2d 1017, 1028 (Okla. Crim. App. 1999), for the proposition that comments "used to dispel commonly held attitudes and often heard phrases" do not necessarily amount to impermissible attempts to define reasonable doubt.  R., Vol. 1 at 43.  The OCCA further determined that Mr. Twobabies failed to show the prosecution's comments or

- 9 -

any other references to reasonable doubt during voir dire misled the jury, were incorrect statements of the law, or amounted to a constitutional violation. Mr. Twobabies has not shown the OCCA unreasonably applied clearly established federal law when it affirmed on this issue. Reasonable jurists could not debate the district court's denial of this claim. Accordingly, we deny a COA.

      b.  *Comments During Closing Argument*

During closing argument, the prosecution told the jury that if it found Mr. Twobabies guilty of first degree murder, it then had to decide whether to sentence him to life or life without parole. The prosecution explained that a life sentence (with the possibility of parole) would mean that Mr. Twobabies would have to serve 85 percent of a 45-year sentence before being eligible for parole. The prosecution continued: "When do you want the defendant back in our community? Do you want him back on the streets? Do you want someone that is capable of committing this type of crime out of prison, or do you want him in prison behind bars for the rest of his life?" R., Vol. 2, Trial Tr. Vol. 5 at 137.

After the trial court sustained an objection by defense counsel, the prosecution resumed:

> The only way the 12 of you, with any confidence, can know that the defendant will serve the rest of his life in prison is if you sentence him to life without parole. Any other sentence does not guarantee that. In making that decision, think about the crime, think about what [the victim] went through, think about what the defendant is capable of doing. What does he deserve for this killing?

*Id.* at 139.  Defense counsel objected again.  After a brief bench conference, the trial court admonished the prosecution to "get away from this parole business" but declined to give a curative instruction.  *Id.* at 141-42.

Later during deliberations, the jury sent a note to the trial court asking whether a person serving a normal life sentence could be released before serving 85 percent of 45 years because of prison overcrowding.  Without objection, the court responded that the jury was to render a decision based on the evidence and testimony presented.

On direct appeal, the OCCA rejected Mr. Twobabies' claim of prosecutorial misconduct premised on the prosecution's statements and the jury's question.  After noting that the statements did not misinform the jury about Oklahoma's 85-percent rule, *see Taylor v. State*, 248 P.3d 362, 379 (Okla. Crim. App. 2011) ("The prosecutor's comments on the 85% Rule had no substantial influence on the outcome of trial, and no relief is required."), the OCCA concluded no error occurred that warranted relief.  Mr. Twobabies has failed to show that the OCCA unreasonably applied clearly established federal law, and reasonable jurists could not debate the district court's denial of this claim.  We therefore deny a COA.

6. **Ineffective Assistance of Counsel**

Mr. Twobabies next argues that he received ineffective assistance of counsel in violation of the Sixth Amendment based on his trial counsel's failure to object to the testimony, evidence, and voir dire comments addressed in the previous three arguments.

- 11 -

To establish ineffective assistance of counsel, Mr. Twobabies must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) that the deficient performance resulted in prejudice to him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is prejudicial if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Our review of the state court's decision on this issue is subject to the deferential AEDPA standard of review. *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam).

The OCCA concluded the lack of objection from Mr. Twobabies' trial counsel to the police detective's testimony recounting the statements of the victim's wife was not prejudicial given that the detective's testimony was substantially similar to her own testimony at trial and corroborated by other eyewitnesses. And, having found no error with respect to the photographic and testimonial evidence regarding the victim's injuries and the prosecution's comments during voir dire, the OCCA concluded that any objections by Mr. Twobabies' trial counsel would not have changed the outcome of his direct appeal. We agree Mr. Twobabies has not made the required showing that the result of his trial would have been different had his trial counsel objected and made a record on these grounds. He therefore cannot establish the prejudice prong of the *Strickland* test. "We need not analyze both the performance and prejudice prongs of the *Strickland* test if defendant fails to make a sufficient showing of one." *United States v. Hollis*, 552 F.3d 1191, 1194 (10th Cir. 2009) (internal quotation marks omitted).

Because Mr. Twobabies has not shown a Sixth Amendment violation, the OCCA did not unreasonably apply *Strickland*, and reasonable jurists could not debate the district court's denial of this claim, we deny a COA.

7. **Cumulative Error**

Finally, we reject Mr. Twobabies' argument that cumulative error warrants habeas relief in this case. The OCCA summarily rejected this argument based on its determination that none of his other propositions of error had any merit. The OCCA's conclusion was not contrary to or an unreasonable application of clearly established federal law. *See Hooks v. Workman*, 689 F.3d 1148, 1194 n.24 (10th Cir. 2012) (concluding there is no need to conduct cumulative-error analysis where there is not more than one error). No COA is warranted.

### III. **CONCLUSION**

For the foregoing reasons, we deny Mr. Twobabies' application for a COA. We grant Mr. Twobabies' request to proceed *ifp*. Although our denial of a COA concludes this matter, Mr. Twobabies remains obligated to pay all filing and docketing fees.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge