**UNITED STATES COURT OF APPEALS**

March 30, 2017

**TENTH CIRCUIT**

DERRICK DEONDRAY HORNER,

Petitioner - Appellant,

v.

JASON BRYANT, Warden,

Respondent - Appellee.

No. 16-5088
(D.C. No. 4:13-CV-00383-GKF-PJC)
(N.D. Okla.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Petitioner-Appellant Derrick Horner, a state inmate appearing pro se, seeks a certificate of appealability (COA) to appeal from the district court's denial of his habeas corpus petition made pursuant to 28 U.S.C. § 2254. Horner v. Bryant, No. 13-CV-0383-GKF-PJC, 2016 WL 3190229 (N.D. Okla. June 7, 2016). We deny his request for a COA, deny his motion to proceed in forma pauperis (IFP), and dismiss the appeal.

Mr. Horner was convicted of first-degree manslaughter and sentenced to 25 years' imprisonment. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his judgment and sentence in a summary opinion on direct appeal. Horner v. State, No. F-2011-611 (Okla. Crim. App. Dec. 11, 2012); see also 1 R.

128–32.  To appeal from the district court's denial of his federal habeas petition, Mr. Horner must obtain a COA.  28 U.S.C. § 2253(c)(1)(A).  To do so, he must make a "substantial showing of the denial of a constitutional right," id. § 2253(c)(2), by "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  Because the OCCA addressed the merits of Mr. Horner's arguments, he must demonstrate that its decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  And when it comes to ineffective assistance of counsel claims, our review has two layers of deference — one to counsel's reasonable strategic choices, and the other to the state court's resolution of the ineffective assistance claim.  Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016).

On appeal,[1] Mr. Horner argues that a lack of his DNA evidence in the victim's home indicates that he is innocent.  This claim does not appear to have

---

[1]  We have considered all of the claims raised in Mr. Horner's petition and decided by the district court and conclude that they do not merit a COA for substantially the same reasons given by the district court in rejecting them.

- 2 -

been raised in his habeas petition, let alone exhausted, and we do not consider it on appeal.  See Abernathy v. Wandes, 713 F.3d 538, 551 (10th Cir. 2013).

Mr. Horner next argues that his Fifth Amendment right to have counsel present during a custodial interrogation was violated because he was interrogated after he invoked his right to counsel.  When a suspect has "expressed his desire to deal with the police only through counsel, [he] is not subject to further interrogation by the authorities until counsel has been made available," unless he initiates the contact.  Edwards v. Arizona, 451 U.S. 477, 484 (1981).  A suspect's request for counsel must be unambiguous.  Davis v. United States, 512 U.S. 452, 459 (1994).  Mr. Horner claims he invoked his right to counsel when he asked the detective whether he could "talk to a lawyer before [he] talk[ed] to [the detective]."  Horner, 2016 WL 3190229, at *6.  The detective said "he could have a lawyer," but would "probably . . . not be talking" to the detective afterwards. Id.  Mr. Horner said "Mister, I'm so confused," so the detective told him to think it over and left the room, and a different officer continued the interrogation about four minutes later.  Id.  The federal district court deferred to the OCCA's resolution: Mr. Horner's statements are too ambiguous and equivocal to amount to an invocation of his right to counsel; he asked whether it was possible for him to speak to a lawyer, but never requested to do so even after the detective told him he could.  See Davis, 512 U.S. at 459.  The federal district court's deference to the OCCA's resolution of this claim is not reasonably debatable.

- 3 -

Finally, Mr. Horner argues that the officer who transported him to jail forced him to confess. A due process violation exists if a defendant's conviction is based in part on an involuntary confession. Jackson v. Denno, 378 U.S. 368, 376 (1964). Rather, a confession must be the result of "an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). After the interrogation, an officer drove Mr. Horner to the Tulsa County Jail. On the way, Mr. Horner, without provocation, asked the officer whether he should take the manslaughter plea. The officer told him that he should tell the truth, but that his Miranda rights gave him the "freedom to do whatever he'd like to do." Horner, 2016 WL 3190229, at *7. As they pulled up to the jail, Mr. Horner said that he wanted to talk to the detective again, so they drove back to the Detective Division. Id. At no point during the drive did the officer ask any questions. Id. When they arrived, the detective reminded Mr. Horner that he had been read his Miranda rights, after which Mr. Horner admitted to shooting the victim. Id. Again, the federal district court's deference to the OCCA's determination that Mr. Horner's confession was voluntary is not reasonably debatable.

We DENY Mr. Horner's request for a COA, DENY his motion to proceed IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge