**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE BERARDI,<br><br>Petitioner-Appellant,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>Respondent-Appellee. | No.  15-55881<br><br>D.C. No.<br>3:13-cv-01598-BTM-BLM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

Argued and Submitted July 11, 2017
Pasadena, California

Before:  REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.

George Berardi ("Berardi") appeals the district court's denial of his federal

habeas petition.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we

affirm.  Our review is governed by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.**     The California Court of Appeal reasonably determined that Juror Nine was not biased.  A defendant has the right to "a jury capable and willing to decide the case solely on the evidence."  *Smith v. Phillips*, 455 U.S. 209, 217 (1982).  Juror Nine's comments to his fellow jurors during deliberations did not show that he was racially biased and therefore unable to decide the case on the evidence presented.  Berardi focuses on Juror Nine's statement to other jurors that, if the races of Berardi and the victim were switched (Berardi is white and the victim was African-American), they would have convicted Berardi immediately.  However, the California Court of Appeal reasonably interpreted that comment as reflecting not racial bias but rather Juror Nine's frustration that deliberations continued for several days despite what he believed was strong evidence in favor of conviction.  Indeed, Juror Nine's comment was unlike those in other cases that strongly indicated racial bias.  *See, e.g.*, *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 862, 869–70 (2017).

Further, the California Court of Appeal reasonably determined that Berardi was given sufficient opportunity to prove Juror Nine's bias.  The United States Supreme Court has established that "the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias."  *Smith*, 455 U.S. at 215.  The California Superior Court examined six of the twelve jurors,

with counsel present, using questions submitted by the parties. That provided an adequate opportunity for Berardi to prove bias. *See Hedlund v. Ryan*, 854 F.3d 557, 574 (9th Cir. 2017) (finding a hearing on juror impartiality sufficient where "the fact-finding process [was] objective and reasonably explore[d] the issues presented" (quoting *Dyer v. Calderon*, 151 F.3d 970, 975 (9th Cir. 1988))).

2.      We grant Berardi's motion to expand the Certificate of Appealability ("COA") to include a second issue: whether his state-court appellate counsel was ineffective. *See* Ninth Cir. R. 22-1(e) (when a petitioner briefs an uncertified issue, we construe the briefing as a motion to expand the COA). The district court found that this claim was untimely and that it fails on the merits. Because "jurists of reason" might find those conclusions "debatable," we grant the motion. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

However, we affirm the district court's denial of relief, finding that even if the claim was timely, it fails on the merits. The Supreme Court of California did not provide any reasoning when it rejected Berardi's ineffective-assistance claim, but a review of the record shows that its decision was reasonable. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) (when a state court does not provide a reasoned decision, we must "independently review the record to determine whether the state court clearly erred in its application of Supreme Court law" ).

3

Under *Strickland v. Washington*, 466 U.S. 668 (1984), counsel is ineffective when his performance fell below an objective standard of reasonableness and his deficient performance prejudiced the defendant. *Id.* at 687–88; *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) (applying the *Strickland* standard to appellate counsel). To determine whether counsel was ineffective for failing to raise a claim on appeal, we must look to the merits of the claim. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152–53 (2016); *Moormann v. Ryan*, 628 F.3d 1102, 1106–07 (9th Cir. 2010).

The Supreme Court of California could have reasonably determined that Berardi did not have a viable claim on appeal that his right to testify was violated. After a post-trial evidentiary hearing, the California Superior Court found that though Berardi may have wanted to testify, he ultimately acquiesced in his attorney's advice not to do so. The trial court concluded that Berardi did not make an unequivocal demand to testify, either to his attorney or to the court. We presume that those findings of fact are correct. *See* 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341–42 (2003). Under both Ninth Circuit and California precedent, those facts were insufficient to support a claim that Berardi's right to testify was violated. *See United States v. Edwards*, 897 F.2d 445, 446–47 (9th Cir. 1990) (holding that there was no violation where the defendant asked his

4

attorney to testify but his attorney misunderstood the request and did not call him to the stand); *People v. Blye*, 233 Cal. App. 2d 143, 149 (1965) (holding that a defendant's right to testify is violated only if the record "show[s] affirmatively that the defendant effectively demanded the right to take the stand against the advice of his attorney" but was not allowed to do so).

To the extent that Berardi argues that his appellate counsel should have raised a slightly different claim—an ineffective-assistance claim based on trial counsel's failure to call Berardi to the stand—we find that this claim was also likely to fail. *See United States v. Nohara*, 3 F.3d 1239, 1243–44 (9th Cir. 1993) (holding that trial counsel was not ineffective even though he waived the defendant's right to testify without informing him).

**AFFIRMED.**