[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11058

Non-Argument Calendar

_____

STEPHEN BREWSTER,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY    GENERAL,    STATE    OF    FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cv-00448-WFJ-TGW

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Stephen Brewster, a Florida prisoner, appeals *pro se* the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted Brewster a certificate of appealability to address whether appellate counsel was ineffective for not arguing that the trial court erred when it failed to renew an offer to appoint counsel for Brewster after he twice waived that right in his probation revocation hearing. Because it was not an unreasonable application of clearly established federal law for the state postconviction court to reject Brewster's claim, we affirm.

## I. BACKGROUND

In 2009, Brewster pleaded guilty in 12 cases to 17 crimes, including credit card fraud, uttering a forged instrument, forgery, and burglary of a vehicle. A Florida court sentenced Brewster to 11 consecutive terms of 33 months of imprisonment followed by 27 months of probation in his 11 felony cases and to six months of probation for criminal mischief. Brewster did not appeal.

After Brewster completed his prison sentence, he committed a new offense, and the state petitioned to revoke his probation. The petition mentioned all 12 of Brewster's cases, but the supporting affidavit mentioned only 9 cases.

The trial court appointed counsel for Brewster. Brewster moved to dismiss his attorneys as ineffective, but the trial court denied the motion.

Brewster's revocation hearing lasted two days. At its commencement, Brewster moved to proceed *pro se*, and he was apprised of the advantages of having counsel and the risks of self-representation. *See Faretta v. California*, 422 U.S. 806, 835 (1975).

The trial court twice warned Brewster not to waive his right to counsel because his attorney had superior expertise and Brewster faced a maximum sentence of 85 years of imprisonment. Brewster stated that he was not "being stubborn" and was "doing this because [he had] reasons . . . to defend [his] own case." The trial court informed Brewster that he could change his mind and, if he "want[ed] an attorney to be re-appointed, [it] would allow [him] to do that," but "if [it were to] find that [he] violated [his] probation and [imposed] sentence . . ., [he] would not be able in the future to say, well I change my mind, I should have had an attorney after all." When asked whether, "despite knowing what the dire and severe consequences are, [he] still wish[ed] to waive [his] right to an attorney," Brewster responded, "Yes." The trial court recessed for lunch and, after the break, Brewster reaffirmed his desire to proceed *pro se* and "decline[d]" an "offer [for] the assistance of the public defender's office."

The prosecutor presented evidence that Brewster committed a new offense while on probation. Brewster rested his case immediately and argued that revocation was unwarranted because

the evidence was "hearsay and circumstantial." The trial court ruled that Brewster had violated his probation. But because of the "late hour" and the need to allow members of Brewster's family to testify, the trial court set sentencing for the next day.

When the hearing resumed the next afternoon, the prosecutor remarked that Brewster was representing himself and had declined an offer to "resolve . . . the substantive case . . . [of] auto burglary." The trial court clarified that it "had the *Faretta* hearing with Mr. Brewster yesterday on the violation of probation cases only" and "he still has counsel on the new charge." Brewster interjected, "I dismissed counsel completely," but the trial court clarified that it did not consider his "motion [to proceed *pro se*] []as directed to the new case, . . . just . . . with the violations of probation . . . ." After Brewster said "No," the trial court responded that it would address counsel for his new charge later. Brewster discussed his score sheet with the prosecutor and then said, "just for . . . understanding, I'm probably going to have representation later on" "[f]or the new case."

The trial court confirmed that it was revoking probation in nine instead of 12 cases. The prosecutor inquired whether Brewster, who was "obviously representing himself at this point" "underst[ood] what the judge [was] saying." The trial court offered to "resolve [the three additional cases] today as well" because Brewster had "very recently . . . in one of the [three] cases . . . filed a motion for Nelson hearing/Faretta hearing," but the trial court did not resolve the three additional cases.

Brewster asserted that a discrepancy existed in the evidence identifying him as the burglar, and the trial court allowed Brewster to reopen his case and introduce his evidence. Brewster contested revocation of the probation on the ground that he was "under an illegal sentence" due to "records . . . be[ing] falsified." The trial court considered Brewster's evidence and ruled that its "decision regarding the state having proven the allegations ha[d] not changed" and Brewster was "in violation of . . . probation as indicated yesterday."

Brewster stated he had no objection to the calculation of his sentence, and the prosecutor requested a maximum sentence of 60 months of imprisonment with 27 months left to serve after crediting the 33 months Brewster had already served. The prosecutor recounted that Brewer had "over 50 felony convictions" and "20 or 30 misdemeanors" for which he had "been to prison already five times," that "less than one year" after being "released from prison on March 19, 2011, . . . he picked up this new burglary of a car case," and he had several "county jail sentences." The prosecutor also recounted Brewster's "numerous opportunities at treatment," including "negative discharge[s]" after several months of treatment in 2000, in 2004, and in 2006 when he "tested positive for cocaine," "missed his groups," and refused to "take the drug test." The trial court revoked Brewster's probation and sentenced him to eight consecutive terms of 60 months of imprisonment for his felony offenses and to time served for his misdemeanor offense.

On appeal, Brewster's appointed counsel argued that there were no issues of merit and moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Brewster filed a *pro se* brief and challenged the sufficiency of the evidence. The state appellate court affirmed summarily. *Brewster v. State*, 155 So. 3d 345 (Fla. Dist. Ct. App. 2014).

Brewster petitioned for state postconviction relief based on ineffective assistance of appellate counsel. Fla. R. App. P. 9.100, 9.141(d). He argued that counsel overlooked the failure of the trial court to renew an offer to appoint counsel on the second day of his revocation hearing. *See* Fed. R. Crim. P. 3.111(d)(5). The state responded that Brewster asked to represent himself and stated, after being reminded of his right to counsel on the second day of the hearing, that he desired counsel only for his new charge. The state court summarily denied Brewster's petition. *Brewster v. State*, 208 So.3d 706 (Fla. Dist. Ct. App. 2015).

Brewster petitioned for a federal writ of habeas corpus and repeated his claim of ineffective assistance of appellate counsel. 28 U.S.C. § 2254. The district court denied the petition. The district court ruled that no reasonable probability existed that appellate counsel would have prevailed on an argument that a renewed offer to appoint counsel was required in Brewster's case.

## II. STANDARD OF REVIEW

A petition for a writ of habeas corpus challenging the effectiveness of appellate counsel presents a mixed question of law and

fact that we review *de novo*. *Tuomi v. Sec'y, Fla. Dep't of Corr.*, 980 F.3d 787, 794 (11th Cir. 2020), *cert. denied sub nom. Tuomi v. Inch*, 141 S. Ct. 1721 (2021). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). Even a summary, unexplained rejection of a constitutional issue on the merits constitutes an adjudication that is entitled to deference. *Richter*, 562 U.S. at 98–99. For a petitioner to obtain habeas relief when a state court applies clearly established law, its decision must "be more than incorrect or erroneous"—it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

## III. DISCUSSION

A claim of ineffective assistance of appellate counsel is governed by the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Tuomi*, 980 F.3d at 795. Under *Strickland*, "the standard for judging counsel's performance is a most deferential one" that focuses on "whether [counsel's] representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Premo v. Moore*, 562 U.S. 115, 122 (2011) (quoting *Richter*, 562 U.S. at 105). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105. "[T]he question is not whether counsel's actions were reasonable";

instead, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

For Brewster to prevail, he must prove that his appellate counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687. Counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *Id.* at 688. "In considering the reasonableness of an attorney's decision not to raise a particular claim [on appeal], we must consider 'all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Eagle v. Linahan*, 279 F.3d 926, 940 (11th Cir. 2001) (quoting *Strickland*, 466 U.S. at 691). A defendant is prejudiced if counsel fails to make an argument that has "a reasonable probability of success on appeal." *Tuomi*, 980 F.3d at 795.

An indigent defendant is entitled to the appointment of counsel "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128, 134 (1967). In addition, Florida requires that, "[i]f a waiver [of counsel] is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel." Fla. R. Crim. P. 3.111(d)(5). That "rule does not require a renewed offer of counsel each time the defendant appears in court; rather, a court must renew the offer of counsel at 'critical' stages of the proceedings," *Woodbury v. State*, 320 So. 3d 631, 650 (Fla. 2021), *cert. denied sub nom. Woodbury v.*

*Fla.*, No. 21-6393 (U.S. Feb. 22, 2022), like sentencing, *Daughtrey v. State*, 823 So. 2d 857, 858 (Fla. Dist. Ct. App. 2002). Despite these protections, a defendant can forego legal representation by asserting his right to self-representation and then knowingly, voluntarily, and intelligently waiving his right to counsel. *Faretta*, 422 U.S. at 835.

The state postconviction court could have reasonably determined that appellate counsel reasoned that the trial court was not required to renew its offer of appointed counsel to Brewster. Rule 3.111(d)(5) does not require the trial court "to offer counsel to the defendant each time he appears in court . . . ." *Knight v. State*, 770 So. 2d 663, 669–70 n.6 (Fla. 2000). Appellate counsel could have reasoned that the second day of Brewster's revocation hearing, in which he was allowed to reopen his case and introduce additional evidence, was a continuation of the evidentiary stage of the proceeding. And as Brewster had waived his right to counsel twice already, there was no need to renew an offer of legal assistance because "[w]here the right to counsel has been properly waived, the State may proceed with the stage in issue." *Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992). Appellate counsel also could reasonably deduce from Brewster's statements that he intended to continue to represent himself. After the parties discussed Brewster's right to counsel, he insisted that he had "dismissed counsel completely" and wanted legal assistance only "later on" "for [his] new case."

Brewster argues that appellate counsel was ineffective in overlooking that the revocation of probation in nine instead of 12 cases was a "substantial change in circumstances" that required the trial court to "reassess its *Faretta* hearing decision." But we will not address Brewster's argument because it is outside the scope of the certificate of appealability. *See Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010). Florida treats a defendant's request for self-representation and a renewal of the offer for appointed counsel differently and requires a *Faretta* inquiry for the former, but not the latter. *Noetzel v. State*, 328 So. 3d 933 (Fla. 2021). The certificate we issued is limited to the failure to renew an offer to appoint counsel.

The district court did not err by denying Brewster's petition for a writ of habeas corpus. The state postconviction court reasonably could have determined that appellate counsel's choice not to raise a "nonmeritorious claim . . . [did] not constitute ineffective assistance of counsel." *See Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1145 (11th Cir. 2005). That determination of the state court, even if "incorrect or erroneous," is not "objectively unreasonable." *See Lockyer*, 538 U.S. at 75.

## IV. CONCLUSION

We **AFFIRM** the denial of Brewster's petition for a writ of habeas corpus.