# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2026

Lyle W. Cayce
Clerk

No. 24-70009

Roderick Napoleon Harris,

*Petitioner—Appellant*,

*versus*

Eric Guerrero, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Application for Certificate of Appealability from the
United States District Court for the Northern District of Texas
USDC No. 3:20-CV-3702

Before Graves, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Roderick Napoleon Harris murdered two people during an armed robbery in 2009. He was convicted of murder and sentenced to death. After a series of appeals, Harris filed the instant habeas petition in the Northern District of Texas arguing that his trial attorneys were constitutionally ineffective for failing to properly investigate mitigating evidence and eliciting

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

testimony that he wore a stun belt during jury selection. The district court denied habeas relief. Harris now seeks a certificate of appealability.

To obtain a COA, Harris "must demonstrate a substantial showing of the denial of a constitutional right." *Nelson v. Davis*, 952 F.3d 651, 658 (5th Cir. 2020) (citation modified); 28 U.S.C. § 2253(c)(2). Because the district court denied his claims on the merits, Harris can only be granted a COA if "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* (citation modified). Our precedents make clear that "[t]he COA standard is less burdensome in capital cases, as 'in a death penalty case any doubts as to whether a COA should issue must be resolved in the petitioner's favor.'" *Id.* (quoting *Clark v. Thaler*, 673 F.3d 410, 425 (5th Cir. 2012)).

An ineffective assistance of counsel claim has two parts. First, counsel must have been deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the deficiency must have prejudiced the defendant. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

But his claims are still subject to the relitigation bar. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, "requires a district court to defer to a state habeas court's determination of the merits of a prisoner's claims unless the state decision was contrary to, or involved an unreasonable application of, clearly established Federal law or was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." *Hughes v. Vannoy*, 7 F.4th 380, 386–87 (5th Cir. 2021) (citation modified). "When reviewing a state habeas court's decision under AEDPA's deferential standard of review, we review 'only the ultimate legal determination by the state court—not every link in its reasoning.'" *Charles v. Stephens*, 736 F.3d 380, 387 (5th Cir. 2013) (quoting *Trottie v. Stephens*, 720 F.3d 231, 241 (5th Cir. 2013)). Accordingly, federal courts may only grant habeas relief if "no fairminded jurist could" come to the same conclusion as the state habeas court. *Hughes*, 7 F.4th at 387.

So, "[w]hen the claim at issue is one for ineffective assistance of counsel, . . . AEDPA review is doubly deferential." *Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citation modified). Harris cannot overcome that deferential standard of review.

First, he argues that trial counsel insufficiently investigated mitigating evidence, especially regarding possible brain damage due to fetal alcohol and childhood lead exposure. Counsel must make a reasonable investigation into potential mitigating evidence. *Wiggins v. Smith*, 539 U.S. 510, 524 (2003). Thus, "[i]n investigating potential mitigating evidence, counsel must either (1) undertake a reasonable investigation or (2) make an informed strategic decision that investigation is unnecessary." *Charles*, 736 F.3d at 389.

Harris has not met his burden. His trial team did consult with a neuropsychologist who told them that she found "very little, if anything, in the way of cognitive impairment," and that her testimony would be unhelpful as it may allow a prosecution expert to provide conflicting testimony. She was also concerned that Harris showed signs of malingering and exaggeration during his examinations. So, a reasonable jurist could conclude, at least, that counsel made a reasonable decision not to investigate the issue further. *See id.*

No. 24-70009

Second, Harris argues that trial counsel was ineffective for eliciting testimony that he wore a stun belt during jury selection and for failing to object to that testimony. But even if this was constitutionally deficient, a reasonable jurist could conclude that it did not prejudice the defense. After all, Harris robbed a house, held a family at gunpoint, and killed two people. *Harris v. State*, No. AP-76,810, 2014 WL 2155395, at *1–2 (Tex. Crim. App. May 21, 2014). The jury also heard evidence that Harris committed other aggravated robberies and a separate capital murder. *Id.* at *2. Given the weight of this evidence, the state habeas court's decision was not an unreasonable application of federal law.

So, Harris' motion for a certificate of appealability is DENIED.